**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA**
**WHEELING DIVISION**

BRENDA GAYVONT, on behalf of herself
and all others similarly situated,

Plaintiffs,

vs. Civil Action No. 5:07CV125

DAVOL INC. and C.R. BARD, INC.,

Defendants.

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD INC.**

Defendant C.R. Bard, Inc. (“Bard”) and Defendant Davol Inc. (“Davol”), by and through counsel, hereby answer Plaintiff’s Complaint, paragraph by paragraph, as follows:

## NATURE OF THE ACTION

1. Defendants admit that Davol is a subsidiary of Bard, and that Davol sells and distributes the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations or the allegations are conclusions of law to which no response is required. To the extent an answer is required, Defendants deny those allegations.

## PARTIES

2. Paragraph 2 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 2.

3. Defendants admit that Davol is a wholly owned subsidiary of Bard, and that it is a Delaware corporation with its principal place of business in Rhode Island. Answering further, Defendants admit that that at various times Davol designed, manufactured, distributed, marketed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information throughout the United States, including the State of West Virginia. Defendants deny each and every remaining allegation contained in Paragraph 3.

4. Defendants admit that Bard is a New Jersey corporation with its principal place of business in New Jersey. Defendants deny each and every remaining allegation contained in Paragraph 4.

**JURISDICTION AND VENUE**

5. Paragraph 5 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 5.

6. Paragraph 6 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 6.

7. Paragraph 7 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 7.

8. Paragraph 8 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 8.

**GENERAL ALLEGATIONS**

9. Defendants admit that at various times Davol manufactured and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. The remaining allegations of this paragraph state a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the remaining allegations in Paragraph 9.

10. Defendants admit that a hernia may occur when stomach muscles are in a weakened state causing intestines to protrude through. Defendants further admit that the Composix® Kugel® Hernia Patch is designed to treat soft tissue defects such as ventral herniae when used by prescribing physicians in accordance with its accompanying labeling information.

11. Defendants admit that a Bard subsidiary completed an asset purchase in January 2000 acquiring the Kugel product line. Defendants further admit that Davol began marketing certain product codes of the Composix® Kugel® Hernia Patch in February 2001 with the remaining larger-sized product codes being marketed beginning in February 2002. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 11 and therefore deny the same.

12. Bard and Davol deny the allegations as phrased. Bard and Davol admit that the Composix® Kugel® Hernia Patch is made partly of polypropylene mesh and is designed to treat

Case 5:07-cv-09612-LMJ-MUK Document 4 Filed 10/15/2007 Page 4 of 18

soft tissue defects such as ventral hernias when used by prescribing physicians in accordance with its accompanying labeling information. Answering further, Bard and Davol admit that the Composix® Kugel® Hernia Patch may be inserted behind a hernia defect through a small incision, and that Composix® Kugel® Hernia Patch's PET memory recoil ring is designed to assist in proper placement of the Composix® Kugel® Hernia Patch. Bard and Davol deny each and every remaining allegation in Paragraph 12.

13. Defendants deny each and every allegation contained in Paragraph 13.

14. Paragraph 14 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 14, including subparagraphs (a) through (f).

15. Denied. Bard and Davol admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Bard and Davol further state these products have since been returned to the market with FDA approval. Answering further, Bard and Davol admit that FDA classifies a Class I recall as its highest recall and that FDA characterizes such a recall as representing a reasonable chance that the product will cause serious health problems or death.

16. Bard and Davol admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Bard and Davol further state these products have since been returned to the market with FDA approval.

17. Bard and Davol admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Bard and Davol further state these products have since been returned to the market with FDA approval.

18. Bard and Davol admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Bard and Davol further state these products have since been returned to the market with FDA approval.

19. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and therefore deny the same.

20. Paragraph 20 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 20.

21. Paragraph 21 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 21.

22. Paragraph 22 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 22.

23. Paragraph 23 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 23.

24. Paragraph 24 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 24.

25. Defendants deny each and every allegation contained in Paragraph 25

26. Paragraph 26 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 26.

**<u>NAMED PLAINTIFF'S EXPERIENCE</u>**

27. Paragraph 27 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and therefore deny the same.

28. Bard and Davol admit that at various times Davol designed, manufactured, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. The remaining allegations are either conclusions of law to which no response is required or Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations. Accordingly, Bard and Davol deny the allegations.

29. Paragraph 29 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 29.

30. Paragraph 30 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 30.

## CLASS ACTION ALLEGATIONS

31. Paragraph 31 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 31.

32. Paragraph 32 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 32.

33. Paragraph 33 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 33.

34. Paragraph 34 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 34, including subparagraphs (a) through (g).

35. Paragraph 35 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 35.

36. Paragraph 36 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 36.

37. Paragraph 37 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 37.

38. Paragraph 38 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 38.

39. Paragraph 39 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 39.

40. Paragraph 40 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 40.

41. Paragraph 41 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 41.

**COUNT I – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

42. Defendants incorporate by reference each and every response to the preceding allegations as if set forth fully herein.

43. Paragraph 43 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 43, including subparagraphs (a) through (c).

44. Paragraph 44 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 44

45. Paragraph 45 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 45

46. Paragraph 46 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 46

**COUNT II - NEGLIGENCE**

47. Defendants incorporate by reference each and every response to the preceding allegations as if set forth fully herein.

48. Paragraph 48 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 48.

49. Paragraph 49 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 49.

50. Paragraph 50 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 50.

51. Paragraph 51 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 51.

52. Paragraph 52 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 52.

53. Paragraph 53 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 53.

54. Paragraph 54 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 54.

## COUNT III – MEDICAL MONITORING

55. Defendants incorporate by reference each and every response to the preceding allegations as if set forth fully herein.

56. Paragraph 56 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 56.

57. Paragraph 57 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 57.

58. Paragraph 58 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 58.

59. Paragraph 59 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 59.

60. Defendants deny each and every allegation contained in Paragraph 60.

## SEPARATE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Bard and Davol upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar plaintiff's claims against Bard and Davol in whole or in part.

3. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar plaintiff's claims against Bard and Davol in whole or in part.

4. Plaintiffs' allegations fail to meet the requirements outlined in Fed. R. Civ. P. 23.

5. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bars them.

6. Applicable statutes of limitations, statute of repose, and the doctrine of laches bar plaintiffs' claims in whole or in part.

7. Plaintiffs, or their agents, including their physicians, misuse or abnormal use of the product or failure to follow instructions bar the plaintiff's claims in whole or in part.

8. If plaintiff used a product sold by Bard or Davol, then plaintiffs' claims are barred, in whole or in part, because plaintiffs assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

9. Any alleged negligent or culpable conduct of Bard or Davol, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged damages.

10. If plaintiffs sustained any damages or injuries, then such damages and injuries were caused or contributed to by the acts, omissions or fault of plaintiffs, including their contributory negligence, contributory fault, comparative fault; assumption of the risk, failure to mitigate damages or any other "fault"; Defendants further states that such acts, omissions or fault bar recovery by plaintiffs herein or, in the alternative, if such acts, omissions or fault do not

act as a complete bar, then such acts diminish plaintiffs' rights to recover herein in an amount based upon plaintiffs' relative degree of fault.

11. If plaintiffs used a product sold by Bard or Davol, plaintiffs used the product for off-label purposes, which bars the plaintiff's claims.

12. The learned intermediary doctrine bars plaintiffs' claims.

13. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

14. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

15. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law.

16. Plaintiffs' claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' pre-existing medical conditions.

17. If plaintiffs suffered damages or injuries as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Bard and Davol are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Bard or Davol. Such acts or

omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injury or damages.

18. Bard and Davol state that if plaintiffs sustained any damages or injuries, which is specifically denied, and such damages or injuries were caused by the acts, omissions or fault of plaintiffs or others, for whose conduct this defendant is not responsible; accordingly, it is entitled to an assessment of the relative degree of fault for all such persons and entities.

19. Plaintiff failed to mitigate, which limits plaintiffs' damages, if any, in whole or in part.

20. Bard and Davol have no legal relationship or privity with plaintiffs and owe no duty to plaintiffs by which liability could be attributed to it.

21. Bard and Davol made no warranties of any kind, express or implied, or any representations of any nature whatsoever to plaintiffs. If any such warranties were made, whether express or implied, which Bard and Davol specifically deny, then plaintiffs failed to give timely notice of any breach thereof. Moreover, Bard and Davol effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

22. Plaintiffs' causes of action are barred in whole or in part by plaintiffs' own comparative negligence.

23. Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff received from collateral sources.

24. If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Bard or Davol product.

25. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Bard or Davol, there was no defect in said product that either caused or contributed to any injuries or damages that plaintiffs may have suffered, if any.

26. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), bars plaintiffs' alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Bard's and Davol's rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the due process guarantees embodied in the West Virginia Constitution.

27. To the extent that the applicable West Virginia law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Bard and Davol and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the West Virginia Constitution.

28. To the extent plaintiffs' Complaint seeks punitive damages, such claims are barred because plaintiffs have failed to allege conduct warranting the imposition of punitive damages under West Virginia and/or other applicable laws.

29. To the extent plaintiffs' Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

30. Bard and Davol hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendants C.R. Bard, Inc. and Davol Inc. demand judgment in their favor and against plaintiff, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering defendants hereby demand a trial by jury as to all issues.

Respectfully submitted,

Dated: October 5, 2007 C.R. BARD, INC. AND DAVOL INC., DEFENDANTS

BY: /s/ Larry W. Blalock
Larry W. Blalock (#366)
JACKSON KELLY PLLC
1144 Market Street
Wheeling, West Virginia 26003
Tel: (304) 233-4000
Fax: (304) 233-4077
lblalock@jacksonkelly.com

Of Counsel:
Joe G. Hollingsworth
Kirby T. Griffis
Michael L. Junk
SPRIGGS & HOLLINGSWORTH
1350 I Street NW
Washington, DC 20005
Tel: (202) 898-5800
Fax: (202) 682-1639
jhollingsworth@spriggs.com
kgriffis@spriggs.com
mjunk@spriggs.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 5th day of October, 2007, a copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD INC. was filed electronically with the Clerk of Court using the CM/ECF System. Parties may access this filing through the Court's CM/ECF System. Notice of this filing will be sent by e-mail to all registered parties by operation of the Court's electronic filing system, as indicated below:

Teresa C. Toriseva, Esq.
Nancy C. Wilkins, Esq.
WEXLER TORISEVA WALLACE LLP
1446 National Rd.
Wheeling, WV 26003
Email: tct@wtwlaw.us

I hereby further certify that a true and correct copy of the foregoing DEFENDANT DAVOL INC.'S AND DEFENDANT C.R. BARD INC.'S UNOPPOSED MOTION FOR STAY OF PROCEEDINGS was this day served via first-class mail, postage prepaid, upon those persons who will not receive notice of this filing via the Court's CM/ECF System, as indicated below:

Fred Thompson, III, Esq.
Rhett D. Klok, Esq.
Fred Thompson, Esq.
Henry Leventis, Esq.
Carmen Scott, Esq.
MOTLEY RICE LLC
28 Bridgeside Blvd.
PO Box 1792
Mt. Pleasant, SC 29465

Edward A. Wallace, Esq.
Mark R. Miller, Esq.
WEXLER TORISEVA WALLACE LLP
55 Monroe St., Suite 3300
Chicago, IL 60603

Donald A. Migliori, Esq.
MOTLEY RICE LLC
321 South Main St.
PO Box 6067
Providence, RI 02940

/s/ Larry W. Blalock

Larry W. Blalock