**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re KUGEL® MESH HERNIA PATCH LITIGATION** | § § § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO: *Gayvont v. Davol and Bard,* Civil Action No. 07-1966 (D.R.I.) C.A. No. 5:07-CV-125 (N.D.W.Va.) (Marshall County, WV, C. A. No. 07-C-206)** | § § § § § § | **JUDGE MARY M. LISI** |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO REMAND**

Plaintiff, Brenda Gayvont, submits this reply memorandum of law in further support of her motion to remand this action to the Circuit Court for Marshall County, West Virginia, where it was originally filed.

**ARGUMENT**

As Plaintiff alleged in her complaint, she is happy to proceed in either the State or Federal Court system, but subject matter jurisdiction cannot be waived, it must be shown. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994) (federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute; as such, it is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction.) The question is whether Defendants have established federal jurisdiction, which it is there duty to do upon removal. *See BIW Deceived v. Local 56*, 132 F.3d 824, 831 (1st Cir.1997). As such, it is Defendants' duty to demonstrate that CAFA's minimum amount in controversy requirement is satisfied. *E.g., Terry v. Chicago Title Ins., Co.,* No. 06-cv-288-SM, 2007 U.S. Dist. LEXIS 14610 at *2-6 (D.N.H. Feb. 28, 2007). When facts

demonstrating that jurisdiction exists are in Defendants' possession, they cannot rely on mere speculation, but must come forward with this information so that the Court may make an informed judgment.[1] *Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006) (in removal cases such as this, where Plaintiff does not specify the amount of damages in the complaint, the defendant bears the burden of proving, by a preponderance of the evidence, that the $5 million amount in controversy requirement under CAFA has been met). Defendants still have not satisfied these duties – in fact, Defendants' brief completely ignores them.

Plaintiff has never asserted that federal jurisdiction cannot be proven – she does not know whether or not it exists. Plaintiff simply points out that this case cannot be heard in federal court until the Court's jurisdiction has been established. *See Spielman v. Genzyme Corp.*, 251 F.3d 1 (1st Cir. 2001). Therefore, Plaintiff simply asked Defendants to satisfy their burden by providing evidence which establishes as much. For reasons that are unclear, Defendants have chosen not to do so, which is why Plaintiff's motion is still pending.

Despite Plaintiff's clear explanation that she does not, and could not, have any basis to allege that federal jurisdiction exists, Defendants continue to argue that Plaintiff included "specific allegations" supporting jurisdiction in her Complaint. In fact, Defendants make this claim on practically every single page of their brief. Defs' Memo., pp. 2-7. But the only "specific allegations" relating to jurisdiction contained in the

[1] The First Circuit has held that removal statutes should be strictly construed, and any doubts should be resolved against removal. *Rossello-Gonzalez v. Calderon-Serra*, 398 F.3d 1 (1st Cir. 2004), citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

Complaint attest to Plaintiff's complete lack of knowledge as to whether jurisdiction exists. In Paragraph 5, Plaintiff alleged:

> 5. Ordinarily, the Federal Court would have diversity jurisdiction over the Class pursuant to 28 U.S.C. §§ 1332(d)(2) and (6) of the Class Action Fairness Act of 2005 if Plaintiff and each member of the putative Class have suffered aggregate damages exceeding five million dollars ($5,000,000), exclusive of interest and costs and because there are members of the Class who are citizens of a different State than Defendants. While Plaintiff has chosen the forum of this State Court to proceed with this class action, Plaintiff would respectfully proceed in Federal Court, as she would be obligated to do so, if there was jurisdiction and could claim, in good faith, that the jurisdictional threshold is met under the Class Action Fairness Act. That does not appear to be the case here at this time. In addition, whether to simply waive the jurisdictional threshold and proceed in Federal Court is not within Plaintiffs right, even if she wanted to do so.

Defendants selectively excerpt a few words from the next paragraph in Plaintiff's complaint: regarding the potential number of implantees in West Virginia being theoretically as high as 600. Defendants ignore the context of these statements and the very point behind their inclusion: that Plaintiff could not knowingly allege federal jurisdiction. However, even in the light that Defendants have cast them in, these are not "specific allegations of jurisdiction." Nowhere does Plaintiff purport to actually know the number of implantees.

Quite simply, it would be wrong for Plaintiff's (admitted) suppositions to stand as "specific allegations of jurisdiction," which would allow Defendant's to escape their duty to require real proof. Indeed, if the Court rightfully concludes that Plaintiff's allegations – explaining why she *doesn't* know if jurisdiction exists – are not "specific allegations" that jurisdiction *does* exist, as Defendants argue, then Defendants must provide independent evidence that it does. *Doughty v. Hyster New Eng., Inc.*, 344 F. Supp. 2d 217, 219 (D. Me. 2004).

It appears to Plaintiff that Defendants have this information and can readily provide the proof required. Defendants' original removal notice provided a detailed, fact intensive, analysis of the costs of medical procedures and CT scans in hospitals across the state of West Virginia. In addition, limited discovery in similar cases has revealed that this is the type of information that Defendant's regularly keep. Defendant's brief does not suggest such information is not available.[2] Yet, Defendants chose not to (and still refuse to) provide the remaining piece of information, without which, all of those calculations are useless: they will not tell the Court how many patches were implanted in West Virginia. Again, if we don't know how many patients will take part in the medical monitoring program, then we cannot possibly estimate the amount in controversy.

Accordingly, this Court is still not in a position to determine whether CAFA's minimum amount in controversy requirement has been satisfied. Until Defendants satisfy their burden of proof, this case must be remanded to the Circuit Court for Marshall County, West Virginia, where it was originally filed.

DATED: January 25, 2008

Respectfully submitted,

BRENDA GAYVONT, on behalf of herself
and all others similarly situated,

By: /s/ Donald A. Migliori ___
Donald A. Migliori
Leah Donaldson
MOTLEY RICE LLC
321 South Main Street
P.O. Box 6067
Providence, RI 02940-6067
401-457-7700
401-457-7708 FAX

[2] Any suggestion by Defendants that this information may be gleaned through discovery is wrong. Until subject matter jurisdiction is satisfied, nothing can happen, so Defendants should simply do what is required.

Teresa C. Toriseva
Nancy C. Wilkins
WEXLER TORISEVA WALLACE LLP
1446 National Road
Wheeling, WV
304-238-0066
304-238-0149 FAX

Fred Thompson, III
Rhett D. Klok
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465
843-216-9000
843-216- 9450 FAX

Edward A. Wallace
Mark R. Miller
WEXLER TORISEVA WALLACE LLP
55 Monroe Street, Suite 3300
Chicago, Illinois 60603
312-346-2222
312-346-0022 FAX

**CERTIFICATE OF SERVICE**

I, Donald A. Migliori, hereby certify that a copy of the foregoing **Plaintiff's Reply Memorandum of Law in Further Support of Motion to Remand** was electronically filed. Those attorneys who are registered with the Electronic Filing System may access these filings through the Court's System, and notice of these filings will be sent to these parties by operation of the Court's Electronic Filing System.

Dated: January 25, 2008

By: /s/ Donald A. Migliori ___

Donald A. Migliori
MOTLEY RICE LLC
321 South Main Street
P.O. Box 6067
Providence, RI 02940-6067
401-457-7700
401-457-7708 FAX